# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **GLORIA J. WEEKS** | * | **CIVIL ACTION NO. 05-0573** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Gloria J. Weeks ("Weeks"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

Introduction

Weeks filed an application for SSI benefits on June 30, 1998, alleging a disability onset date of March 17, 1997, due to migraines, ulcers, nerve problems, arthritis, a hernia in her chest, gallbladder problems, high blood pressure, and back problems. (Tr. 86, 93-7). After conducting a hearing, Administrative Law Judge ("ALJ") Charles R. Lindsay denied Weeks' claim (hereinafter "ALJ Lindsay's decision") on June 29, 2000. (Tr. 13-9). ALJ Lindsay found that Weeks suffered from severe diabetes, obesity, and arthritis, but concluded that she retained the residual functional capacity ("RFC") to perform a full range of light work and therefore was not disabled. (Tr. 16, 19). After the Appeals Council denied her Request for Review, Weeks appealed ALJ Lindsay's decision to this Court, and sought remand "with instructions to consider the mobility certification, give Weeks an opportunity to cross-examine Dr. Simonton, consider [her] medication[s'] side-effects, consider subjective complaints, and obtain vocational expert testimony." (Tr. 314, Magistrate Judge Kirk's Report and Recommendation). The Commissioner

did not oppose Weeks' motion and, in fact, supported remand for the same reasons. (Weeks' Exhibit A). Accordingly, the Court vacated the Commissioner's decision on January 15, 2002, and "remanded pursuant to the fourth sentence of § 405(g) for further proceedings, including testimony from a vocational expert." (Tr. 311, 315).

On July 10, 2000, almost immediately after ALJ Lindsay's decision, Weeks filed another application for SSI benefits. This time, and after another hearing, ALJ James D. Jordan found that Weeks retained the RFC to perform sedentary work, and, based on her age, education, and the Commissioner's regulations, that she was disabled as of July 10, 2000 (hereinafter "ALJ Jordan's decision").[1] (Tr. 325-30). ALJ Jordan's RFC determination was largely based on first-time diagnostic medical evidence of Weeks' impairments: x-rays from December 18, 2000, revealing "degenerative disc disease [in her spine] at L5-S1" and "osteoarthritis of the right knee"; a MRI from June 6, 2001, revealing "spinal stenosis" and an accompanying medical opinion that Weeks "was disabled from all but sedentary work"; and an MRI of the lumbar spine from January 25, 2003, revealing "bulging annuli at L3-4 through L5-S1 with associated neural foraminal narrowing, most pronounced at L4-5." (Tr. 327). Despite this new evidence and his authority under the Commissioner's regulation to revise ALJ Lindsay's decision upon a finding of good cause, ALJ Jordan stated that he had "not found new and material evidence on which to base reopening of [ALJ Lindsay's decision]." (Tr. 325).

In acting on this Court's remand of ALJ Lindsay's decision, the Appeals Council issued an order on October 17, 2003, remanding the case for a hearing and providing the presiding ALJ with instructions on what to consider. The Appeals Council also addressed the effect of ALJ Jordan's decision on the hearing:

---

[1] Although Weeks asserted the same onset date in her second application for SSI benefits that she asserted in her first, ALJ Jordan declined to consider the period governed by ALJ Lindsay's decision, March 17, 1997, through June 29, 2000, on *res judicata* grounds.

2

> The Appeals Council finds no basis to disagree with the favorable decision that the claimant became disabled beginning July 10, 2000; however, in view of the favorable determination that her medical condition warrants a finding that the claimant is disabled, evidence in the subsequent application is considered new and material and should be evaluated accordingly in determining the issue of disability beginning March 17, 1997.

(Tr. 376). With respect to this Court's specific order regarding a vocational expert's testimony, the Appeals Council instructed the presiding ALJ that "[i]f warranted, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." (Tr. 377).

Pursuant to the remand order from the Court and Appeals Council, a third hearing was held on Weeks' disability claim. Following the hearing, on April 26, 2004, ALJ W. Thomas Bundy denied Weeks' application in a decision largely paralleling ALJ Lindsay's remanded decision, but with a focus on the errors the Court and Appeals Council identified. (Tr. 292-8). Focusing on the opinions offered and examinations performed by Drs. Whitener, Orfaly, and Simonton, three examining physicians, ALJ Bundy noted the physicians' failure to find any objective medical evidence substantiating Weeks' complaints and alleged impairments. (Tr. 294). ALJ Bundy also addressed two opinions supporting Weeks' claim. With respect to a letter from Weeks' treating physician, Dr. McIntire, opining that Weeks was in overall "poor physical health," (Tr. 278) ALJ Bundy acknowledged the deference typically afforded to treating physicians' opinions, but concluded that Dr. McIntire's opinion was "inconsistent with the preponderance of the medical evidence and appears to be based primarily on claimant's subjective complaints." (Tr. 295). Similarly, ALJ Bundy discredited a "Physician's Certification of Mobility Impairment" completed by Dr. Spires, which, for purposes of obtaining a

handicapped parking pass, listed Weeks as being "permanently impaired,"[2] because it "appear[ed] to be based on the opinions of Dr. McIntire," and was not issued pursuant to an examination of Weeks or her medical records. (Tr. 295). The side effects of Weeks' medications, another area of error in ALJ Lindsay's decision, were also discussed by ALJ Bundy, but were found to be unpersuasive because she did not complain of them to the treating and consultative physicians. *Id.* Based on this evidence, ALJ Bundy concluded that Weeks retained the RFC to perform a full range of light work[3] and noted that this conclusion was not necessarily inconsistent with ALJ Jordan's finding that Weeks was disabled. (Tr. 296).

Having determined that Weeks could perform a full range of light work, ALJ Bundy then considered whether Weeks could perform her past relevant work or, if she could not, any other light work jobs existing in significant numbers in the national economy. Based on a vocational expert's testimony that Week's prior employment as cook constituted medium work, ALJ Bundy focused primarily on the latter question. The ALJ began by noting that the Commissioner's regulations, specifically the Medical-Vocational Guidelines (Grids), 20 C.F.R. Part 404, Subpt. P, App. 2, may "direct a conclusion of either 'disabled' or 'not disabled' depending upon the claimant's residual functional capacity and vocational profile." (Tr. 296). This automatic conclusion, ALJ Bundy explained, is only allowed where a "claimant has the exertional residual

---

[2] The phrase "permanently impaired" as used in the document means that the applicant suffers from a "condition expected to last at least two (2) years." (Tr. 392). By reference to the specific requirements for obtaining a handicapped parking pass, the form indicates that Weeks "[c]annot walk two hundred feet without stopping to rest", "[c]annot walk without the assistance of another person, walker, can, crutches, braces, prosthetic device, or wheelchair", and "[h]as a diagnosed disease or disorder, including a severe arthritic, neurological, or othopedic impairment, which creates a severe mobility limitation. (Tr. 392-3)

[3] In a function-by-function analysis, as the Appeals Council instructed, ALJ Bundy concluded that Weeks "[could] perform lifting/carrying of less than 20 pounds, could stand/walk for at least six hours, and could sit without restrictions. She did not require assistive devices to walk or stand." (Tr. 295).

4

functional capacity to perform substantially all . . . of the seven primary strength demands required by work at the given level of exertion . . . and there are no nonexertional limitations." *Id.* Under this analysis, ALJ Bundy found that Weeks was "not disabled" according to Grid sections 202.14 and 202.21 because she retained a RFC to perform a full range of light work. Thus, ALJ Bundy denied Weeks' application, and because the Appeals Council declined review, it became the final decision of the Commissioner.

Standard of Review; Substantial Evidence

This Court will uphold an ALJ's determination that a claimant is not disabled if the findings of fact upon which it is based are supported by substantial evidence, and if it was derived from a proper application of relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). At no time should the Court "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

In her challenge to ALJ Bundy's decision, Weeks lists four points of error: (1) ALJ Bundy failed to consider medical evidence discussed in ALJ Jordan's decision awarding Weeks benefits; (2) he did not obtain testimony from a vocational expert and therefore failed to comply with this Court's remand order; (3) he erroneously based his credibility findings solely on the absence of objective medical evidence and ignored other factors listed in Social Security Ruling 96-7p; and

(4) he failed to consult a medical expert regarding the onset date of Weeks' disability.

Failure to Consider Evidence Discussed in ALJ Jordan's Decision

Weeks claims that ALJ Bundy violated the Appeals Council's remand order by ignoring several pieces of medical evidence ALJ Jordan discussed in his finding that Weeks was disabled as of July 10, 2000. According to Weeks, the following instruction in the Appeals Council's remand order required ALJ Bundy to address evidence dated beyond the relevant time period:

> The Appeals Council finds no basis to disagree with the favorable decision that the claimant became disabled beginning July 10, 2000; however, in view of the favorable determination that her medical condition warrants a finding that the claimant is disabled, evidence in the subsequent application is considered new and material and should be evaluated accordingly in determining the issue of disability beginning March 17, 1997.

(Tr. 376). Weeks claims ALJ Bundy disregarded this instruction by ignoring diagnostic medical evidence from December 2000, five months after the time period in question, through January 2003, indicating that she indeed suffered from osteoarthritis in her left knee, spinal stenosis, and bulging discs in her spine.[4] Additionally, and in reply to the Commissioner's response that this evidence is not material because it is dated outside the time period in question, Weeks cites Fifth Circuit case law holding that, in certain circumstances, subsequent medical evidence may be relevant. *See Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000) ("Restrospective medical diagnoses of PTSD [Post Traumatic Stress Disorder], even if uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to the claimed periods of disability, can support a finding of past impairment."); *Ivy v. Sullivan*, 898 F.2d 1045,

---

[4] In her reply brief, Weeks claims that ALJ Bundy failed to address Dr. McIntire's letter dated April 4, 2000, in which he opined that Weeks was in overall "poor physical health" due to uncontrolled diabetes, osteoarthritis, and obesity. A plain reading of the ALJ Bundy's decision, however, shows that he specifically addressed Dr. McIntire's opinion and rejected it as "inconsistent with the preponderance of the medical evidence . . . ." (Tr. 295). To the extent that Weeks claims ALJ Bundy ignored Dr. McIntire's opinion, her argument is incorrect.

6

1049 (5th Cir. 1990) ("'Subsequent medical evidence is relevant . . . because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status.'") (quoting *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984)); *see also* Soc. Sec. Rul. 83-20, 1983 WL 31249 (S.S.A. 1983) (permitting inference of disability onset date based on subsequent medical evidence).

The undersigned agrees that ALJ Bundy erred in failing to address the diagnostic evidence discussed in ALJ Jordan's ruling. Although he discussed and rejected Dr. McIntire's opinion, ALJ Bundy failed to make any mention of the x-rays and MRIs Weeks presented to ALJ Jordan, including x-rays of Weeks' spine dated December 18, 2000, revealing degenerative disc disease. Furthermore, the Commissioner's claim that this evidence is not material and therefore did not merit discussion is unpersuasive. As was noted by the Appeals Council in its remand order, "evidence in the subsequent application is considered new and material." (Tr. 376). In light of the absence of any x-rays or MRIs of Weeks' spine between March 1997 and June 2000, the diagnostic evidence beginning in December 2000 is relevant and merited some discussion. Because the diagnostic evidence at issue has not been made part of the record, whether the evidence establishes that Weeks was disabled prior to July 10, 2000, is a question which must be decided on remand before an ALJ.

Plaintiff's Other Claims

Weeks alleges other errors in ALJ Bundy's receipt of vocational expert testimony, assessment of her credibility, and determination of the onset date of her disability. These claims, however, are intertwined with and dependent on consideration of all of the relevant evidence, and therefore need not be addressed at this time.

Conclusion

For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits for the time period in question be **REVERSED and REMANDED for full consideration of the diagnostic evidence discussed in ALJ Jordan's decision dated December 12, 2002.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of March, 2006.

H:\Social Security\05-0573.031006.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE